(A.R.D. 300)

UNITED STATES *v*. BYRON EUGENE MILLER FOR EAGLE TECHNICAL CO.

Third Division, Appellate Term

(Decided April 11, 1972)

*L. Patrick Gray, III*, Assistant Attorney General (*Robert Blanc*, trial attorney), for the appellant.
*Byron Eugene Miller* appearing *pro se*.

Before RICHARDSON, LANDIS, and RE, Judges

LANDIS, Judge: This is an application for review of the decision and judgment sustaining, in these two reappraisement cases,[1] appellee's claim that on export value basis as defined in section 402(b) of the Tariff Act of 1930, as amended, 91 Treas. Dec. 295, T.D. 54165, the values of surveying instruments exported from Japan in 1966 were the ex-factory invoice prices, net, plus packing, and not the ex-factory invoice unit prices net, plus packing, with inland charges[2] added, as returned by the appraiser. *Byron Eugene Miller for Eagle Technical Co.* v. *United States*, 63 Cust. Ct. 584, R.D. 11679 (1969).

The decision and judgment is based on a finding of fact that the surveying instruments were appraised on export value basis at the invoiced ex-factory prices plus prorated portions of invoiced items designated with the letter "X" and "Z", and that the record established that plaintiff purchased the surveying instruments on an ex-

---

[1] The two cases were included in a group of 23 reappraisement cases consolidated for trial. Judgment entered sustaining (for failure of proof) the appraised export values, at the invoiced unit f.o.b. prices, net, packed, in 20 of the consolidated cases. One reappraisement case was dismissed as prematurely filed.

[2] The inland charges were of a kind listed on the invoices, as inland freight, domestic insurance premiums, storage, hauling, lighterage, and petties.

factory basis. As a matter of law, the trial judge concluded that the appraisements were separable; that, in the framework of a separable appraisement, appellee need establish no more than that he purchased the surveying instruments on an ex-factory basis; and that, appellee having sustained that burden, the export values were the ex-factory prices, net, plus packing, exclusive of the added inland charges.

Appellant *inter alia*, in this review, charges that, as a matter of law, appellee's burden in these two cases, was not merely to establish that the surveying instruments were purchased on an ex-factory basis, but to establish that, at the times of exportation, merchandise such or similar to the imported surveying instruments, was freely sold or offered for sale to all purchasers in the United States for export [3] on an ex-factory basis.

Appellant chiefly relies upon the recent decision of *United States* v. *Pan American Import Corp. et al.*, 57 CCPA 134, 138, C.A.D. 993 (1970), decided some nine months after the decision and judgment of the trial judge herein, which court of appeals decision reversed in favor of appellant's stated position that the evidence must establish that the imported "merchandise was *freely sold or offered for sale to all* purchasers * * * on an ex-factory basis". [Italics added in part.] From the holding of the court of appeals it is apparent that the standard adopted by the trial judge that appellee need establish no more than that he purchased the merchandise on an ex-factory basis, is insufficient. However, we should observe in passing that the learned trial judge below in rendering in 1969 the decision here under review, could not have anticipated the *Pan American* decision of 1970. As Judge Rosenstein stated in *United States* v. *Bud Berman Sportswear, Inc.*, 66 Cust. Ct. 628, A.R.D. 287 (1971), appeal pending, this pronouncement by the court of appeals established "standards of proof that did not clearly exist prior thereto * * * [and] marked out the metes and bounds of the separability doctrine and denoted the burden of proof a party plaintiff must meet 'in order to bring the separability rule into effect and thereby to prevail.' " See also, *Karl Schroff & Associates, Inc., et al.* v. *United States*, 66 Cust. Ct. 621, A.R.D. 286, 326 F. Supp. 967 (1971).

---

[3] Section 402(b) of the Tariff Act of 1930, as amended by T.D. 54165, defines export value as follows:

(b) EXPORT VALUE.—For the purposes of this section, the export value of imported merchandise shall be the price, at the time of exportation to the United States of the merchandise undergoing appraisement, at which such or similar merchandise is freely sold or, in the absence of sales, offered for sale in the principal markets of the country of exportation, in the usual wholesale quantities and in the ordinary course of trade, for exportation to the United States, plus, when not included in such price, the cost of all containers and coverings of whatever nature and all other expenses incidental to placing the merchandise in condition, packed ready for shipment to the United States.

Upon this record, we adopt and incorporate herein the facts found by the trial judge. Appellee having failed to prove that, at the times of exportation, the imported surveying instruments were freely sold or offered for sale to all purchasers on an ex-factory basis, we conclude, as a matter of law, *United States* v. *Pan American Import Corp.*, *supra*, that on export value basis, the values of the imported surveying instruments are the appraised values.

Judgment, sustaining the appraised values, and reversing the decision and judgment below in these two reappraisement cases, will be entered accordingly.